R. B. McMillion *v.* A. C. Wills

(No. 9052)

Submitted September 24, 1940. Decided October 8, 1940.

John T. Copenhaver, for plaintiff in error.
Springston & Stone, for defendant in error.

MAXWELL, JUDGE:

This is an action for damages for malicious prosecution. R. B. McMillion is plaintiff and A. C. Wills is defendant. To a judgment against him for three hundred and fifty dollars, on verdict, the defendant prosecutes writ of error.

Through the defendant's farm there extends a public road, fenced on each side. In August, 1938, the plaintiff, at the direction of his employer, who was a neighbor of the defendant, cut some brush and weeds along the fences which separate the road from defendant's fields. The defendant, claiming that the plaintiff in the course of the work entered upon defendant's land and cut some trees which were about two feet from the fence, caused the plaintiff to be indicted in the Intermediate Court of Kanawha County at its September term, 1938. In the following January, the Intermediate Court, on motion of the prosecuting attorney, discharged McMillion from further prosecution under the indictment.

Soon after the nolle prosequi had been entered, this action was instituted.

In support of his claim for damages, McMillion urges not only that Wills was actuated by malice, but that he was without probable cause in instigating the prosecution. The latter element is thus deduced by McMillion: The evidence discloses that the trees cut by him, though within

the inclosure of Wills, were nevertheless only seven or eight feet from the center line of the road, and, since the statute (Code 1931, 17-12-3) required that rights-of-way for county-district roads be not less than thirty feet in width, it follows that the trees cut by McMillion were within the right-of-way and therefore Wills had no right to complain about the cutting. (It is to be noted that the above section respecting widths has been repealed. Acts 1933, First Extraordinary Session, Chapter 40. Since 1933 there has rested on the State Road Commissioner the responsibility to "Fix standard widths for rights-of-way." Code 1937, 17-4-4[7]).

In conformity with plaintiff's position, above stated, the court, over objection of the defendant, gave to the jury plaintiff's instruction number five: "The Court instructs the jury that if you believe from the evidence that the trees mentioned and described in the indictment introduced as evidence in this case did not belong to the defendant, A. C. Wills, but that said trees so claimed to have been destroyed, injured and defaced by this plaintiff were the property of the State of West Virginia, and that this plaintiff at the time he was charged by the said defendant was engaged in clearing the brush from the right-of-way of a certain public highway belonging to the State of West Virginia; and if you further believe from the evidence that the defendant, A. C. Wills, at the time he testified before the grand jury of this county and caused the plaintiff to be indicted knew that said trees were not the property of the said A. C. Wills but were the property of the State of West Virginia, then the said A. C. Wills acted without probable cause and with malice in procuring the indictment to be made by said grand jury offered in evidence in this case." The giving of that instruction to the jury is assigned by the defendant as error detrimental to him.

In our opinion, this instruction was prejudicially erroneous. Under the thirty-foot-right-of-way theory, the state, at most, had only an easement of that width. The state did not own the fee, for it remained in Wills, subject

only to the state's right to exercise the easement. During the time that the state occupied only a part of the easement for road purposes and permitted the unused portion to remain in the possession of the landowner, his rights in such portion were those of a fee simple owner, save only that the easement must be recognized by him. No stranger could invoke the existence of the state's right-of-way in justification of trespass within the owner's inclosure. Only the state had the right to invade the portion of the right-of-way in the landowner's possession. So, the landowner, Wills, was not without probable cause in instituting a prosecution against the alleged trespasser, McMillion.

Because of the harmful error in the plaintiff's instruction number five, we reverse the judgment, set aside the verdict and remand the case to the trial court.

*Reversed and remanded.*